THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO ESCORCIA-MARTINEZ,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [216] MOTION FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(c)(1)(A)**<br><br>Case No. 2:21-cr-00460-DBB<br><br>District Judge David Barlow |

This matter is before the court on Defendant's pro se Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).[1] Defendant argues that extraordinary and compelling circumstances support his early release from prison.

On March 13, 2022, Mr. Escorcia-Martinez pled guilty to possession of methamphetamine with intent to distribute and, on June 6, 2022, was sentenced to 63 months of incarceration to be followed by 60 months of supervised release.[2] Defendant filed his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on June 30, 2025.[3]

Before the enactment of the First Step Act in 2018, only the Director of the Bureau of Prisons (BOP) could file a motion to reduce a federal prisoner's sentence under § 3582(c)(1)(A).[4] Since then, however, prisoners may file such motions on their own behalf if they have exhausted

---

[1] ECF No. 216.
[2] ECF Nos. 111, 122.
[3] ECF No. 216.
[4] *See United States v. Maumau*, 993 F.3d 821, 826 (10th Cir. 2021).

the administrative procedures for requesting that the BOP do so for them.[5] Specifically, prisoners may move for compassionate release directly in district court if: (1) they have fully exhausted all administrative rights to appeal the BOP's decision not to bring the requested motion, or (2) 30 days have passed since their request for a motion was received by the warden of their facility, whichever occurs first.[6] If this administrative exhaustion requirement has been satisfied, district courts may grant a prisoner's motion if, after to the extent that they are applicable, (1) "extraordinary and compelling reasons warrant such a reduction" (2) such "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case" in light of the factors in 18 U.S.C. § 3553(a).[7] District courts may deny a compassionate-release motion when any step is not met, may address the steps in any order, and need not address all three steps once a failure at any step is found.[8]

Mr. Escorcia-Martinez has satisfied § 3582(c)(1)(A)'s exhaustion requirement. He submitted a request for compassionate release to the BOP on May 19, 2025. While no information was provided about a denial, 30 days have now passed.

However, Mr. Escorcia-Martinez has not met his burden of establishing that he is entitled to relief under § 3582(c)(1)(A).[9] The first step requires a showing of extraordinary and compelling reasons warranting relief. The statute does not define "extraordinary and compelling

---

[5] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished) ("[Section] 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable.").
[6] 18 U.S.C. § 3582(c)(1)(A).
[7] *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021).
[8] *Id.* at 937, 942.
[9] "As the movant, defendant bears the burden of establishing that he is eligible for the requested sentence reduction." *United States v. London*, No. 1:13-CR-00012-DBB, 2021 WL 794456, at *2 (D. Utah Mar. 2, 2021).

reasons," but the statute directs the court to consider Sentencing Commission policy statements.[10]

Mr. Escorcia-Martinez moves for compassionate release based on two groups of arguments. First, he argued "(1) There has been changes in the Law such as the First Step Act and changes explained in (Discussion) part of this motion, but also 1B1.13 has been amended by the United States Sentencing Commission therefore a sentence disparity is grounds for a compassionate release. Section (6) Unusually long sentence (c) limitations on charges in law and (d) rehabilitation of the defendant."[11]

None of these changes support early release for Mr. Escorcia-Martinez. For example, none of the sentencing guidelines changes would result in a guidelines recalculation for Mr. Escorcia-Martinez. Also, his sentence is not unusually long, nor are there grounds for a sentencing disparity argument. Indeed, pursuant to his Rule 11(c)(1)(C) plea, he received a 63-month sentence on a guidelines range of 87-108 months. He also seems to argue that might be eligible for a reduced offense level under revisions in the guidelines but does not explain how he would qualify given his conduct in this offense. Nor does he explain why any reduction in the offense level would result in a sentence lower than the below guidelines sentence he negotiated with the government. Finally, he argues that he should receive additional consideration because, as a non-citizen, he would be ineligible for any reduction in sentence based on RDAP completion, placement in minimum security facility, or early release to a community-based halfway house. However, Mr. Escorcia-Martinez does not indicate that he participated in RDAP, would qualify for placement in a minimum-security facility if he were a citizen, or that he likely

---

[10] § 3582(c)(1)(A)(ii).
[11] ECF No. 216 at 4.

would have been granted early release. Even if there were such evidence here, the court would not find these things sufficient to meet the extraordinary and compelling circumstances requirement.

Mr. Escorcia-Martinez also requests release because "[he] has demonstrated an extraordinary rehabilitation and has completed many study evidence proven reduction of recidivism programs such as parenting programs, GED, English and Health and Wellness."[12] It is a positive step that Mr. Escorcia-Martinez has availed himself of classes while incarcerated. But the classes he has taken do not show extraordinary rehabilitation. The court also notes that Mr. Escorcia-Martinez had a drug possession violation in August 2024, which undercuts the argument that his rehabilitation has been extraordinary.[13]

In short, there are no extraordinary and compelling reasons supporting a reduction in sentence. Accordingly, the court does not further analyze whether the requested reduction would be consistent with sentencing guidelines policy statements or the factors in 18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) is DENIED.

Signed August 7, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[12] ECF No. 216 at 4.
[13] ECF No. 219 at 6.